**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Carolyn Perkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 7984 |
| | ) | |
| Delta Outsource Group, Inc,. a Missouri | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Carolyn Perkins, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages for Defendant's

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.     Plaintiff, Carolyn Perkins ("Perkins"), is a citizen of the State of Arizona,

from whom Defendant attempted to collect a delinquent consumer debt for a GE Money

Bank credit card, despite the fact that she was represented by the legal aid attorneys at

the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities

program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Delta Outsource Group, Inc. ("Delta") is a Missouri corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Delta operates a nationwide debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Delta was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Perkins.

5.      Defendant Delta is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Delta conducts business in Illinois.

6.      Moreover, Defendant Delta is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Delta acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.      Ms. Perkins is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a GE Money Bank credit card. When Defendant Delta began trying to collect this debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

8.      Accordingly, via letter dated October 11, 2010, one of Ms. Perkins' attorneys at LASPD informed Defendant Delta, in writing, that Ms. Perkins was represented by counsel, and directed Defendant to cease contacting her, and to cease all further collection actions because Ms. Perkins was forced, by her financial

2

circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9.     Nonetheless, Defendant Delta's debt collectors continued to call Ms. Perkins directly, including, but not limited to, a telephone call on November 3, 2010, from telephone number 800-364-1895, to demand payment of the GE Money Bank debt.

10.     Accordingly, on November 10, 2010, Ms. Perkins' LASPD attorney had to send Defendant Delta another letter, to demand that it cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit D.

11.     Undeterred, on November 23, 2010, Defendant Delta's debt collector called Ms. Perkins, from phone number 800-364-1895, to demand payment of the debt at issue.

12.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

13.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  See, 15 U.S.C. § 1692c(c).

16.     Here, the letters from Ms. Perkins' agent, LASPD, told Defendant Delta to cease communications and to cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

17.     Defendant's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20.     Defendant Delta knew that Ms. Perkins was represented by counsel in connection with her debts because her attorneys at LASPD had twice informed Defendant, in writing, that she was represented by counsel, and had directed Defendant Delta to cease directly communicating with Ms. Perkins.  By directly calling Ms. Perkins, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

21.     Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Carolyn Perkins, prays that this Court:

1.      Find that Defendant's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Perkins, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Carolyn Perkins, demands trial by jury.

Carolyn Perkins,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  December 16, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com